**Daniel HUGHES, Plaintiff–Appellant,**

v.

**Rovanious WILSON, Defendant–Appellee.**

**No. 03–3970.**

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Daniel Hughes, Cincinnati, OH, pro se.

Donetta D. Wiethe, U.S. Attorney's Office, Cincinnati, OH, for Defendant–Appellee.

Before MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.*

## ORDER

Daniel M. Hughes, an Ohio resident proceeding pro se, appeals the district court order dismissing his action construed as filed under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 2671–80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed Fed. R.App. P. 34(a).

Seeking $3,000 in damages. Hughes sued Rovanious Wilson, an employee of the United States Department of Veterans Affairs, in the small claims division of the Municipal Court of Hamilton County, Ohio, in January 2003 Hughes alleged that Wilson failed to deliver an article of mail related to a court proceeding. The United States Attorney removed the court action to the district court, moved to substitute the United States as a defendant, and moved to dismiss the case for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Hughes moved to remand the case back to state court. The magistrate judge recommended granting the United State's motions and denying Hughes's motion. The magistrate judge found that removal was proper, that the United States should be substituted as the defendant, and that the court lacked jurisdiction because Hughes did not exhaust his administrative remedies under the FTCA before filing suit. The district court adopted the magistrate judge's report and recommendation after Hughes failed to file objections.

On appeal, Hughes appears to argue the merits of his complaint. He does not address the district court's grounds for dismissing the lawsuit or his failure to file objections to the magistrate judge's report and recommendation.

Upon review, we conclude that Hughes waived his right to appellate review of the district court's order. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). In this case, the magistrate judge's report clearly informed the parties that failure to object to the report and recommendation within ten days would constitute a waiver. The report was entered May 19, 2003. Hughes did not file any objections either before or after the district court adopted the report on July 3, 2003, nor did he offer any explanation for his failure to object after the appellee raised the issue on appeal. Accordingly, Hughes waived his right to appeal. *See id.* There are no exceptional circumstances present to warrant an exception to the waiver rule. *See Thomas v. Arn,* 474 U.S. 140, 155 n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

For the foregoing reason we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.